UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRIS VALCARCEL, | ) | No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, IRIS VALCARCEL, by and through her attorneys, GOLDSTEIN, BENDER & ROMANOFF, and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

## JURISDICTION AND VENUE

1.      This is an action for medical negligence against the United States of America based upon the negligent acts of Edith Harte, M.D. and Erie Family Health Center, which resulted in the intrauterine fetal demise of Gianni Isaiah Reyes.

2.      The minor Decedent, Gianni Isaiah Reyes died on March 3, 2012.

3.      On March 6, 2014, Iris Valcarcel was appointed as the special administrator of the estate of Gianni Isaiah Reyes, for the purpose of filing a Civil Action against Erie Family Health Center d/b/a Erie West Town Health Center and Edith H. Harte, M.D.

4.      On March 6, 2014, Plaintiff, Iris Valcarcel, as Special Administrator of the Estate of Gianni Isaiah Reyes, a deceased minor, filed a Civil Action in Illinois State Court against Erie Family Health Center d/b/a Erie West Town Health Center and Edith Harte, M.D. based on the negligent pre-natal care of Plaintiff Iris Valcarcel, which took place between July 13, 2011 and

February 23, 2012 that resulted in the intrauterine fetal demise of her son, Gianni Isaiah Reyes on March 3, 2012.

     5.     That at all times referenced within this Civil Action, the Erie Family Health Center d/b/a Erie West Town Health Center, operated, managed, maintained and controlled a certain clinic and/or medical center, located at 1701 West Superior Street, in the City of Chicago, County of Cook and State of Illinois for the purpose of dispensing medical care, in particular Obstetric and Gynecological services to members of the general public.

     6.     At all times referenced within this Civil Action, Edith H. Harte, M.D., was a physician licensed to practice medicine, in particular Obstetrics and Gynecology, in the State of Illinois, was practicing as a physician in the City of Chicago, County of Cook and State of Illinois, and held herself out as and represented herself to be a competent and skilled physician.

     7.     At all times referenced within this Civil Action, Erie Family Health Center d/b/a Erie West Town Health Center was a private entity that received grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

     8.     With respect to the incidents referred to within this Civil Action, Edith Harte, M.D. was acting within the scope of her employment at the Erie Family Health Center d/b/a Erie West Town Health Center.

     9.     On July 21, 2014 the United States of America filed a Notice of Removal and Substitution of the United States of America as Defendant, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441.

     10.     Pursuant to 42 U.S.C. § 233, this civil action against Erie Family Health Center d/b/a Erie West Town Health Center and Edith Harte, M.D. is deemed an action against the United States of America and can only be maintained under the Federal Tort Claims Act.

11.     On July 29, 2014 the Honorable Sharon Johnson Coleman of the United States District Court for the Northern District of Illinois, Eastern Division, heard and granted the United States' Motion to Dismiss for Failure to Exhaust Administrative Remedies.

12.     On September 19, 2014, the Plaintiff mailed a claim for Administrative Review with the Department of Health and Human Services in accordance with 28 U.S.C § 2679(d)(5), which it received on September 24, 2014.

13.     On October 10, 2014, the Department of Health and Human Services acknowledged the claim.

14.     On February 27, 2015, the Department of Health and Human Services sent Plaintiff a denial of her claim for administrative review.

15.     On June 25, 2015, the Plaintiff filed a written request for reconsideration in accordance with 28 C.F.R. § 14.9.

16.     On December 10, 2015, the Department of Health and Human Services sent Plaintiff a denial of her request for reconsideration.

17.     Jurisdiction is proper under 28 U.S.C. §§ 1346(b), 2679(b)(1).

18.     The occurrence took place in the City of Chicago, County of Cook and the State of Illinois.

19.     The Defendant, United States of America is subject to this Court's personal jurisdiction and therefore should be deemed to reside in this Judicial District.

20.     Venue is proper under 28 U.S.C. §§ 1391(b), (e) and 1402(b).

21.     The Plaintiff elects to file suit in accordance with 28 U.S.C. §2401(b), 39 C.F.R. 912.9(a) and 28 U.S.C. §2675(a) as the United States of America has denied Plaintiff's request for reconsideration.

<u>**COUNT I**</u>

22.      On July 13, 2011, Iris N. Valcarcel (hereinafter, "Ms. Valcarcel"), presented to the Erie Family Health Center, Inc. d/b/a Erie West Town Health Center (hereinafter, "Erie Family Health") for verification of pregnancy.

23.      On July 13, 2011, Mateo Donato, M.A. of Erie Family Health confirmed that Ms. Valcarcel was pregnant and instructed her to return to Erie Family Health on July 14, 2011.

24.      On July 14, 2011, Ms. Valcarcel presented to Araceli Garcia, H.Ed. of Erie Family Health who performed a history and physical, and instructed Ms. Valcarcel to return to Erie Family Health for a follow-up visit for August 2, 2011.

25.      On August 2, 2011, Edith H. Harte, M.D. of Erie Family Health (hereinafter, "Dr. Harte") assumed the pre-natal care and treatment of Ms. Valcarcel.

26.      On August 2, 2011, Ms. Valcarcel presented to Dr. Harte, for prenatal care and treatment.

27.      On August 2, 2011, Ms. Valcarcel presented to Dr. Harte, and advised of a history of bleeding and blood clots.

28.      On August 2, 2011, Ms. Valcarcel presented to Dr. Harte, and was ordered to undergo several lab tests, which included urine and blood tests.

29.      On August 2, 2011, Dr. Harte received Ms. Valcarcel's lab results, which indicated elevated Hemoglobin A1C levels of 5.7%.

30.      Hemoglobin A1C levels of 5.7% indicated that Ms. Valcarcel was at an increased risk for diabetes.

31.      On September 19, 2011, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

32.     On September 19, 2011, Ms. Valcarcel presented to Dr. Harte and was notified that Ms. Valcarcel had elevated Hemoglobin A1C levels.

33.     On September 19, 2011, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment, and was ordered to undergo a two (2) hour Glucose Tolerance Test.

34.     On September 24, 2011, Ms. Valcarcel underwent the two (2) hour Glucose Tolerance Test.

35.     On October 17 2011, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

36.     On October 17, 2011, Dr. Harte's treatment plan included a plan to order a Glucose Tolerance Test when Ms. Valcarcel was twenty-eight (28) weeks pregnant.

37.     On November 14 2011, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

38.     On November 14, 2011, Dr. Harte's treatment plan included an order for Ms. Valcarcel to undergo a Glucose Tolerance Test.

39.     On November 14, 2011, Dr. Harte's treatment plan included a plan to have Ms. Valcarcel undergo a gestational diabetes mellitus screen on her next visit, scheduled for December 12, 2011.

40.     From November 14, 2011, through and including December 12, 2011, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

41.     From November 14, 2011, through and including December 12, 2011, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

42.     On December 12, 2011, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

43.     On December 12, 2011, Dr. Harte's treatment plan included a plan to perform a Glucose Tolerance Test on Ms. Valcarcel.

44.     On December 12, 2011, Dr. Harte failed to order a Glucose Tolerance Test to be performed on Ms. Valcarcel.

45.     From December 12, 2011, through and including January 5, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

46.     From December 12, 2011, through and including January 5, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

47.     On January 1, 2012, Ms. Valcarcel underwent a urinalysis, which revealed her glucose level to be 1000 mg/dl.

48.     On January 5, 2012, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

49.     On January 5, 2012, Ms. Valcarcel complained to Dr. Harte of headaches and nausea.

50.     On January 5, 2012, Ms. Valcarcel complained to Dr. Harte of groin, abdominal and back pain.

51.     On January 5, 2012, Ms. Valcarcel complained to Dr. Harte of irregular contractions.

52.     On January 5, 2012, Ms. Valcarcel complained to Dr. Harte of an upper respiratory

infection.

53.     On January 5, 2012, Ms. Valcarcel complained to Dr. Harte of feeling tired with myalgias.

54.     On January 5, 2012, Ms. Valcarcel underwent a urinalysis at Erie Family Health Center d/b/a Erie West Town Health Center that revealed that her Glucose level was at 5+.

55.     From January 5, 2012, through and including January 19, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

56.     From January 5, 2012, through and including January 19, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

57.     On January 19, 2012, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

58.     On January 19, 2012, Dr. Harte assessed Ms. Valcarcel as unchanged.

59.     From January 19, 2012, through and including February 2, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

60.     From January 19, 2012, through and including February 2, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

61.     On February 2, 2012, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

62.     On February 2, 2012, Ms. Valcarcel complained to Dr. Harte of feeling tired.

63.     On February 2, 2012, Dr. Harte assessed Ms. Valcarcel as unchanged.

64.     From February 2, 2012, through and including February 9, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

65.     From February 2, 2012, through and including February 9, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

66.     On February 9, 2012, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

67.     On February 9, 2012, Ms. Valcarcel complained to Dr. Harte of feeling tired and informed Dr. Harte that her unborn child, Gianni Isaiah Reyes remained active in her womb.

68.     From February 9, 2012, through and including February 16, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

69.     From February 9, 2012, through and including February 16, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

70.     On February 16, 2012, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

71.     On February 16, 2012, Ms. Valcarcel complained to Dr. Harte of feeling tired.

72.     On February 16, 2012, Ms. Valcarcel complained to Dr. Harte of a resolving upper respiratory infection.

73.     From February 16, 2012, through and including February 23, 2012, Erie Family

Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

74.     From February 16, 2012, through and including February 23, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

75.     On February 23, 2012, Ms. Valcarcel presented to Dr. Harte for prenatal care and treatment.

76.     On February 23, 2012, Ms. Valcarcel complained to Dr. Harte of feeling tired.

77.     From February 23, 2012, through and including March 3, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a Glucose Tolerance Test on Ms. Valcarcel.

78.     From February 23, 2012, through and including March 3, 2012, Erie Family Health Center d/b/a Erie West Town Health Center and/or Edith Harte, M.D., did not perform a diabetes mellitus screen on Ms. Valcarcel.

79.     On March 3, 2012, Ms. Valcarcel presented to Rockford Memorial Hospital with complaints of painful uterine contractions.

80.     On March 3, 2012, an ultrasound of Ms. Valcarcel's unborn child confirmed the absence of cardiac activity.

81.     On March 3, 2012, Dr. Sumoulindra Bhattacharya artificially ruptured Ms. Valcarcel's membranes, which revealed thick merconium and port wine colored blood.

82.     On March 3, 2012, Ms. Valcarcel birthed her son, Gianni Isaiah Reyes, and Dr. Bhattacharya confirmed Gianni Isaiah Reyes to have suffered from intrauterine fetal demise.

83.     Dr. Harte was under a duty to exercise reasonable care and skill according to the

9

common and standard practice of skilled physicians to provide, review and supervise Obstetric and

Gynecological medical care of Iris Valcarcel, and her unborn child, Gianni Isaiah Reyes to ensure

that said medical care was proper and adequate.

84.     That notwithstanding her duty, Dr. Harte was guilty of one or more of the following

negligent acts or omissions:

a)      failed to adequately and completely test Iris Valcarcel for a condition
        known as gestational diabetes;

b)      failed to properly and adequately record Iris Valcarcel's increased risk of
        gestational diabetes;

c)      failed to properly and adequately inform Iris Valcarcel, in a timely manner,
        of her risk of gestational diabetes;

d)      failed to properly and adequately evaluate and/or notice the abnormal
        urinary glucose level on January 1, 2012;

e)      failed to properly and adequately evaluate and/or notice the abnormal
        urinary glucose level on January 5, 2012;

f)      failed to properly and adequately perform a Gestational Diabetes Mellitus
        screen;

g)      failed to properly and adequately perform a Glucose Tolerance Test after
        September 24, 2011;

h)      failed to record a differential diagnosis regarding Iris Valcarcel's glucose
        level;

i)      failed to record a plan for the treatment and/or care of Iris Valcarcel's
        glucose level;

j)      failed to notify the Iris Valcarcel about any possible correlation between
        her urinary glucose level findings and the symptoms of gestational
        diabetes she complained of;

k)      failed to notify Iris Valcarcel of the urgent need for proper care and
        treatment for an individual with gestational diabetes;

l)      failed to begin an aggressive diagnostic workup in order to determine
        proper care;

m)    failed to begin an aggressive diagnostic workup in order to determine a treatment plan that met Iris Valcarcel's symptoms and findings; and

n)    failed to notify Iris Valcarcel's new physician of the her condition at the time of her transfer of care.

85.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Dr. Harte, Iris Valcarcel's condition was mistreated; thereby causing the intrauterine fetal demise of her son, Gianni Isaiah Reyes on March 3, 2012.

86.    On March 22, 2012, Iris Valcarcel received her medical records from Erie Family Health Center.

87.    On March 30, 2012, Iris Valcarcel received her medical records from Rockford Memorial Hospital, which included her delivery record and the autopsy report of her son, Gianni Isaiah Reyes.

88.    The Minor Decedent, Gianni Isaiah Reyes, is survived by his mother Iris Valcarcel, father, Jose Reyes, minor brothers, Kolangi Roundtree and Jasaiah Reyes, and his minor sisters, Makaiya Leavy, Isabella Valentin, Amelia Valcarcel, Arianna Reyes and Valentia Fresco.

89.    As a direct and proximate result of the wrongful death of the Minor Decedent, Gianni Isaiah Reyes, his heirs and legatees have suffered loss of companionship, grief, sorrow, and suffering, as well as pecuniary loss.

WHEREFORE, the Plaintiff, IRIS N. VALCARCEL prays for a judgment against the Defendant, UNITED STATES OF AMERICA, in the amount of $3,500,000.00 and the costs of this Civil Action.

GOLDSTEIN, BENDER & ROMANOFF

By:    /s/ Alan H. Bender
*Alan H. Bender*

GOLDSTEIN BENDER & ROMANOFF
*One of Plaintiff's Attorneys*
One North LaSalle Street, Suite 2600
Chicago, Illinois 60602
Tel: (312) 346-8558
Fax: (312) 346-0782