UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRIS VALCARCEL, | ) | |
| | ) | No.: 1:16-cv-05852 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Andrea R. Wood |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED MOTION FOR APPROVAL OF**
**WRONGFUL DEATH SETTLEMENT AND TO DISMISS THIS CAUSE**

**NOW COMES** the Plaintiff, IRIS VALCARCEL, as Special Administrator of the ESTATE OF GIANNI REYES, deceased (Plaintiff), by and through her attorneys, GOLDSTEIN BENDER & ROMANOFF, and petitions this court for an order approving the settlement of this wrongful death case, and dismissing this cause by agreement, and in support thereof, states as follows:

1. This is a medical malpractice action under the Federal Tort Claims Act alleging that negligent prenatal care caused the wrongful death of the plaintiff's decedent, GIANNI REYES, who suffered an intrauterine fetal demise in the days prior to his delivery on March 3, 2012.

2. IRIS VALCARCEL was appointed as Special Administrator of the Estate of GIANNI REYES, deceased. A copy of the order entered by the Circuit Court of Cook County, Illinois, so appointing her is attached as Exhibit A.

3. Defendant, the UNITED STATES OF AMERICA has agreed in food faith to settle this case for a total of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) for a full release of all claims. A copy of the settlement agreement is attached as Exhibit B.

4. PLAINTIFF and her counsel believe the settlement is fair and reasonable, and that it is in the best interests of the decedent's estate.

5. Pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, (the ACT), the "amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2.

6. Pursuant to Rule 6.5 of the Circuit Court of Cook County, the procedure to be followed in cases involving actions for wrongful death brought by a representative on behalf of a decedent's estate shall be as follows:

> 6.5.1(a) The judge hearing the case, upon the approval of a settlement as fair and reasonable or upon the entry of a judgment, shall adjudicate liens, determine the expenses, including attorneys' compensation, to be deducted from the settlement or judgment and shall determine the net amount distributable to each person entitled thereto pursuant to the provisions of the Wrongful Death Act or the Probate Act.

7. The law firm of Goldstein Bender & Romanoff, pursuant to their contract, but limited by the Tort Claims Act, 28 U.S.C. § 2678, is entitled to a 25% fee of ONE HUNDRED TWENTY FIVE THOUSAND DOLLARS ($125,000.00). A copy of the contract is attached as Exhibit C.

8. Goldstein Bender & Romanoff has outstanding expenses attributable to the prosecution of this lawsuit in the sum of TWO THOUSAND FIVE HUNDRED NINETY DOLLARS AND FORTY-FIVE CENTS ($2,590.45) and is entitled to reimbursement of same from Plaintiff. An itemization of those expenses is attached as Exhibit D.

9. There are no liens.

10. That after deduction of the above stated attorneys' fees and costs, the amount available for distribution to be divided between the eligible next of kin is THREE HUNDRED SEVENTY-TWO THOUSAND DOLLARS AND FIFTY-FIVE CENTS ($372,409.55).

11. Associated probate costs will also be incurred. Counsel shall petition the probate court for reimbursement of these costs.

12. The ACT further provides that:

> "The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement by the circuit court, to each of the surviving spouse and *next of kin* of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person…The trial judge shall conduct a hearing to determine the degree of dependency of each beneficiary upon the decedent. 740 ILC 180/2. (emphasis added).

13. The ACT contemplates that "'next of kin' are those blood relatives of the decedent who are in *existence* at the time of the decedent's death who would take the decedent's property if the decedent had died intestate." *Johnson v. Provena St. Theresa Medical Center*, 778 N.E.2d 298, 305 (2d Dist. 2002) (emphasis in original).

14. Additionally, the laws of intestate do not distinguish "between the 'kindred of the whole and the half blood.'" *Johnson*, 778 N.E.2d at 305, citing 755 ILCS 5/2-1 (West 2000).

15. Accordingly, the eligible beneficiaries to the wrongful death proceeds in this case are GIANNI REYES' natural parents, siblings and half-siblings "who were in existence at the time of [his] death." *Id.*

16. GIANNI REYES is survived by his natural parents, Iris Valcarcel and Jose Reyes, who are legally divorced.

17. GIANNI REYES is survived by the following siblings / half-siblings:

    a. Kolangi Roundtree, a minor;

    b. Jasiah Reyes, a minor;

    c. Makaya Leavy, a minor;

  d.  Isabella Valentin, a minor;

  e.  Arianna Reyes, a minor;

  f.  Yoaliz Gonzalez, a minor;

  g.  Amelia Valcarcel, a minor; and

  h.  Valenti Fresco, a minor.

18. However, Amelia Valcarcel and Valenti Fresco were not yet conceived at the time of GIANNI REYES' death, and therefore are not eligible claimants. *Johnson*, 778 N.E.2d at 305.

19. Iris Valcarcel's children are as follows, all of whom she has custody of and who reside with her:

  a.  Kolangi Roundtree;

  c.  Makaya Leavy;

  d.  Isabella Valentin;

  e.  Amelia Valcarcel; and

  f.  Valenti Fresco.

20. Jose Reyes is the father of three additional children, born by other women, all of whom he does not have custody over, do not reside with him, and reside with their mothers:

  a.  Jasaiah Reyes (mother – Daisy Ramirez);

  b.  Arianna Reyes (mother – Meghan Brandt); and

  c.  Yoaliz Gonzalez (mother – Arnalis Gonzalez).

21. Accordingly, the eligible beneficiaries to the wrongful death proceeds are as follows:

  a.  Iris Valcarcel;

  b.  Jose Reyes;

  c.  Kolangi Roundtree, a minor;

      d.      Makaya Leavy, a minor;

      e.      Isabella Valentin, a minor;

      f.      Jasaiah Reyes, a minor;

      g.      Arianna Reyes, a minor; and

      h.      Yoaliz Gonzalez, a minor.

22. No agreement can be reached regarding proper allocation of the proceeds.

23. Accordingly, PLAINTIFF requests that this Court order that proceeds be distributable to the next of kin subject to and in accordance with the Circuit Court's percentage of dependency determinations following a dependency hearing in the Circuit Court of Cook County.

24. Defendant should be dismissed with prejudice pursuant to settlement.

WHEREFORE, PLAINTIFF prays that an Order be entered:

    a. Finding the settlement to be fair and reasonable;

    b. That Goldstein Bender & Romanoff is entitled to its attorneys' fees of $125,000.00 and costs of $2,495.45;

    c. That Defendant UNITED STATES OF AMERICA be dismissed with prejudice, without costs; and

    d. That the net amount distributable to the next of kin shall only be distributed in accordance with dependency determinations following a hearing in the Circuit Court of Cook County.

Goldstein Bender & Romanoff  
Attorneys for Plaintiff  
One N. LaSalle Street, Ste. 1000  
Chicago, Illinois 60602  
Tel: (312) 346-8558  
Fax: (312) 346-0782  

Respectfully Submitted,

/s/ *Ryan M. Griffin*

_____

Ryan M. Griffin